Kevin A. Michael, OSB No. 106695
Sarah Pozzi, OSB No. 175313
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, Washington 98104
Telephone: 206.340.1000
Toll Free Phone: 800.423.1950
Email:  kmichael@cozen.com
     spozzi@cozen.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| QBE INSURANCE CORPORATION, a Pennsylvania Corporation,<br><br>Plaintiff,<br><br>v.<br><br>TWIN OAKS ENTERPRISES, LLC, an Oregon limited liability company; TWIN OAKS AIRPARK, INC. d/b/a STARK'S TWIN OAKS AIRPARK, an Oregon corporation, NORTHWEST WINGS, LLC, an Oregon limited liability company; ROBERT CRAIG STARK; and BRYAN CHARLES BUSH,<br><br>Defendants. | NO.<br><br>**COMPLAINT FOR REFORMATION AND DECLARATORY RELIEF** |

Plaintiff QBE Insurance Corporation ("QBE"), for its claims for declaratory relief against

Defendants, alleges as follows:

## I.    NATURE OF THE ACTION

1.    This is an insurance coverage dispute brought to correct a scrivener's error in a

policy issued by QBE to Twin Oaks Airpark, Inc. and Twin Oaks Enterprises, LLC (Twin Oaks

COMPLAINT FOR REFORMATION AND DECLARATORY RELIEF - 1
#66103265\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Airpark and Twin Oaks Enterprises are collectively referred to as "Twin Oaks") to reflect the undisputed intention of QBE and Twin Oaks.

2. QBE seeks (1) a declaration that QBE Policy No. 100000679 (the "Aircraft Policy") can be reformed to correct scrivener's errors; (2) declarations that, with or without reformation, QBE does not have a duty to defend or indemnify any of the Defendants under the Aircraft Policy with respect to claims asserted against them by Terra Grimes in an underlying lawsuit styled *Terra Grimes v. Twin Oaks Enterprises, LLC, et al.*, Multnomah County Circuit Court Case No. 23CV31164 (the "Grimes Lawsuit"); and (3) a declaration that QBE is entitled to recoup any and all defense costs it incurs while defending the Defendants in the Grimes Lawsuit.

## II. THE PARTIES

3. QBE Insurance Corporation is a domestic insurer incorporated in Pennsylvania and having its principal place of business in New York. At all times relevant hereto, QBE was and is authorized to do business in the State of Oregon.

4. Defendant Twin Oaks Enterprises, LLC is an Oregon limited liability company, with its principal place of business in Washington County, Oregon.

5. Defendant Twin Oaks Airpark, Inc. d/b/a Stark's Twin Oaks Airpark, is an Oregon corporation with its principal place of business in Washington County, Oregon.

6. Defendant Northwest Wings, LLC, is an Oregon limited liability company, with its principal place of business in Washington County, Oregon.

7. Defendant Robert Craig Stark is, on information and belief, an individual domiciled in Oregon.

COMPLAINT FOR REFORMATION AND DECLARATORY RELIEF - 2
#66103265\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

8.  Defendant Bryan Charles Bush is, on information and belief, an individual domiciled in Oregon.

### III.  JURISDICTION

9.  This Court has jurisdiction by virtue of 28 U.S.C. § 1332, as there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.  In particular, 1) Plaintiff QBE is a citizen of Pennsylvania and/or New York, and 2) Defendants are citizens of, and domiciled in, Oregon.

10.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as Defendants are citizens of this judicial district and a substantial part of the events giving rise to this action occurred in this district.

11.  Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), this Court has the power to declare all rights, duties, and obligations under an insurance policy, whether or not further relief is or could be sought.

12.  An actual and justiciable controversy exists between QBE and Defendants, within the meaning of 28 U.S.C. § 2201 regarding: (1) whether the Aircraft Policy provides any coverage for the Grimes Lawsuit; (2) whether the Aircraft Policy should be reformed; and (3) whether QBE is entitled to recoup amounts it expends on the defense of the Defendants in the Grimes Lawsuit.

COMPLAINT FOR REFORMATION AND DECLARATORY RELIEF - 3
#66103265\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

## IV. BACKGROUND FACTS

### A. The Subject Accident

13. On August 4, 2021, Robert Stark was operating a Piper J-3 Cub airplane, registration no. N6018H, owned by Twin Oaks Airpark, Inc., on or around the Lower Lambert Bar along the Willamette River, in Yamhill County, Oregon, along with passenger Bryan Bush.

14. Mr. Stark was taking off from the Lower Lambert Bar when the J-3 Cub's landing gear allegedly collided with kayaker Terra Grimes, resulting in personal injuries (the "Subject Accident").

15. Ms. Grimes has asserted personal injury claims against Defendants, seeking damages in excess of $75,000 arising from the Subject Accident. Defendants have, in turn, submitted those claims to QBE, seeking liability coverage under the Aircraft Policy. A true and correct copy of the Grimes Lawsuit Complaint is attached hereto as **Exhibit 1**.

### B. The Application and Renewals of the Aircraft Policy

16. On or about December 23, 2017, Mr. Stark/Twin Oaks submitted an Application to QBE for an aircraft policy (the "Application"). A true and correct copy of the Application is attached hereto as **Exhibit 2**.

17. The Application identified "Twin Oaks Airpark Inc." as the named insured and listed seven airplanes for which the insured wanted coverage for under the heading "INSURED AIRCRAFT."

COMPLAINT FOR REFORMATION AND DECLARATORY RELIEF - 4
#66103265\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

18. Directly below the Application's "INSURED AIRCRAFT" section, the Application asked whether the applicant owned "any other aircraft." Mr. Stark, on behalf of Twin Oaks, selected "yes," and noted that he owned a "J-3 Cub[,] personel [*sic*] . . ." Despite Mr. Stark acknowledging he owned the J-3 Cub, he nonetheless omitted the J-3 Cub from the INSURED AIRCRAFT part of the Application.

19. Based on this Application, QBE issued a 2017-18 policy to Twin Oaks.

20. Twin Oaks renewed its policy with QBE for the 2018-19 and 2019-20 policy periods. During these policy renewals, Mr. Stark/Twin Oaks did not ask QBE to add the J-3 Cub to the policies.

21. Twin Oaks submitted a renewal application to QBE for the 2020-21 policy period. Mr. Stark/Twin Oaks again did not ask QBE to add the J-3 Cub to the policy.

22. Mr. Stark/Twin Oaks never asked for the J-3 Cub to be added under any of the QBE policies. Significantly, Mr. Stark did add other aircraft to the QBE policies over the years, demonstrating that he was aware of the need to do so if he desired coverage for those aircraft. For example, in the 2020-21 renewal application, Mr. Stark identified many other aircraft owned by Twin Oaks, including some additional aircraft not insured under the original 2017-18 policy, for inclusion on the 2020-21 Aircraft Policy.

23. Because Mr. Stark never asked for the J-3 Cub to be insured, Defendants paid no premium attributable to the J-3 Cub.

COMPLAINT FOR REFORMATION AND DECLARATORY RELIEF - 5
#66103265\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

C.   **The 2020-21 Aircraft Policy**

24.   The Aircraft Policy was issued to Twin Oaks Enterprises, LLC and Twin Oaks Airpark, Inc. for the policy period of November 1, 2020 to November 1, 2021. A true and correct copy of the Aircraft Policy, including its Declarations, forms, and endorsements, is attached hereto as **Exhibit 3** and incorporated by reference herein.

25.   The Aircraft Policy provides in part:

**LIABILITY COVERAGES**

\* \* \*

**Coverage D –** Single Limit Bodily Injury and Property Damage Liability (including any and all related claims) – To pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as damages because of **bodily injury** sustained by any person (excluding any **passenger** unless the words "including passengers" appear in Item 3 of the Declarations) and **property damage**;

caused by an occurrence and arising out of the ownership, maintenance or use of the aircraft or, only with respect to Coverage A, B, and D, caused by an occurrence and arising out of the maintenance or use of the premises in or upon which the aircraft is stored.

\* \* \*

26.   The Aircraft Policy defines "Aircraft" to mean "the aircraft described in Item 4 of the Declarations…"

27.   Item 4 of the Declarations specifies that the make and model of the covered aircraft are "As Endorsed."

28.   The Aircraft Policy contains the "Physical Damage Coverage Endorsement," which sets forth the "Description of Aircraft" that are covered under the Aircraft Policy.

29.   Because Mr. Stark never asked for the J-3 Cub to be insured, the J-3 Cub is not listed on the Physical Damage Coverage Endorsement.

COMPLAINT FOR REFORMATION AND DECLARATORY RELIEF - 6
#66103265\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

### D. The Pre-Suit Claim, Preliminary Disclaimer, and the Defense Under Reservation

30. Defendants provided notice of the Subject Accident to QBE shortly after it occurred.

31. QBE claims professional Jason Evangelou spoke with Mr. Stark on or about August 13, 2021. Mr. Stark told Mr. Evangelou that he did not insure the J-3 Cub because it was rarely used.

32. Because Mr. Stark never asked for the J-3 Cub to be insured and the aircraft involved in the Subject Accident was not scheduled/identified on the Aircraft Policy, Defendants' claim was denied on August 18, 2021.

33. Defendants challenged that denial on the basis that the Aircraft Policy did not use bold font for the word "aircraft" in the Coverage D coverage grant. According to Defendants, because the word was not in bold font, "aircraft" in the coverage grant did not refer to the Schedule of Insured Aircraft. Thus, according to Defendants, the Aircraft Policy provides liability coverage for any/all aircraft, regardless of whether the aircraft is scheduled on the Aircraft Policy and/or premium was charged for that aircraft.

34. QBE considered Defendants' argument and, on March 2, 2022, confirmed its denial of the Claim. A true and correct copy of the March 2, 2022 letter is attached hereto as **Exhibit 4**.

35. QBE's March 2, 2022 letter reserved the right to reassess coverage if litigation was filed against the named insured for the Subject Accident (*i.e.,* the Grimes Lawsuit).

36. When the Grimes Lawsuit was tendered to QBE, QBE agreed to defend the Defendants (except for Northwest Wings because it is not an insured under the Aircraft Policy)

COMPLAINT FOR REFORMATION AND DECLARATORY RELIEF - 7
#66103265\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

subject to a reservation of rights. A true and correct copy of QBE's September 20, 2023 Reservation of Rights Letter is attached hereto as **Exhibit 5**.

37. QBE's September 20, 2023 letter expressly reserved the right to file a declaratory judgment action, to seek reformation, and to seek recoupment of the defense fees incurred defending the Grimes Lawsuit while this declaratory judgment action is pending.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION: DECLARATION OF NO INSURED STATUS FOR NORTHWEST WINGS

38. QBE incorporates and re-alleges the allegations in Paragraphs 1-37 as if fully set forth herein.

39. Northwest Wings has tendered its defense and indemnity to QBE under the Aircraft Policy.

40. Northwest Wings is not identified as a named insured on the Aircraft Policy.

41. Northwest Wings does not qualify under the definition of "insured" under the Aircraft Policy.

42. QBE is entitled to a declaration that Northwest Wings is not an insured under the Aircraft Policy and, therefore, is not entitled to defense or indemnify from QBE.

### SECOND CAUSE OF ACTION: DECLARATION OF NO COVERAGE FOR ALL DEFENDANTS

43. QBE incorporates and re-alleges the allegations in Paragraphs 1-42 as if fully set forth herein.

COMPLAINT FOR REFORMATION AND DECLARATORY RELIEF - 8
#66103265\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

44. Coverage D of the Aircraft Policy provides coverage for sums "which the insured shall become legally obligated to pay as damages because of bodily injury sustained by any person . . ." that is "caused by an occurrence and arising out of the ownership, maintenance or use of the aircraft . . . ."

45. The Aircraft Policy provides a definition for "aircraft" that applies to all coverage parts, including Coverage D, which states that "Aircraft means the aircraft described in Item 4 of the Declarations . . . ."

46. In turn, Item 4 of the Declarations specifies that the make and model of a covered aircraft is "As Endorsed."

47. The Aircraft Policy contains a Physical Damage Coverage Endorsement, which sets forth the "Description of Aircraft. . . ."

48. The Physical Damage Coverage Endorsement does not list the J-3 Cub.

49. Based on the foregoing, QBE is entitled to a declaration that QBE has no duty to defend or indemnify Defendants in the Grimes Lawsuit under the Aircraft Policy because the J-3 Cub was not a covered aircraft.

### THIRD CAUSE OF ACTION: REFORMATION

50. QBE hereby incorporates and re-alleges the allegations in Paragraphs 1-49 as if fully set forth herein.

51. In December 2017, when Twin Oaks/Mr. Stark was applying for insurance coverage, Mr. Stark made it clear that the J-3 Cub was an airplane Mr. Stark owned for personal use, and that the J-3 Cub was not included in the Application or the 2017-18 policy.

COMPLAINT FOR REFORMATION AND DECLARATORY RELIEF - 9
#66103265\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

52. The 2020-21 Application does not list the J-3 Cub as an aircraft for which Twin Oaks sought coverage.

53. The policies, including the Aircraft Policy, were issued—and renewed over the years—consistent with QBE and Defendants' mutual understanding that QBE only covered aircraft that were included within the Aircraft Policy's "Description of Aircraft."

54. Because the J-3 Cub was excluded from the "Description of Aircraft," it was the parties' further understanding that the J-3 Cub was not insured under the Aircraft Policy.

55. QBE and Defendants all understood and intended that the Aircraft Policy would not provide coverage for the J-3 Cub.

56. QBE issued the Aircraft Policy with a policy form that inadvertently failed to use bold font for the words "aircraft" and "occurrence" in the Coverage D coverage grant.

57. The variation of the same form that QBE uses in other states contains the terms "aircraft" and "occurrence" in bold font, which reflects the intent of the parties.

58. Defendants have now argued that because the word "aircraft" was not written in bold font, the Aircraft Policy should be construed as covering all aircraft, including the J-3 Cub.

59. Because QBE and Defendants knew, understood and intended that the Aircraft Policy would not provide coverage for the J-3 Cub, and because a scrivener's error resulted in bolding of less than all instances of "aircraft" and "occurrence" in the Aircraft Policy, the Aircraft Policy was issued subject to a mutual mistake.

60. Accordingly, QBE seeks a declaration confirming that the Aircraft Policy can be reformed to correct the instances of the word "aircraft" and "occurrence" not appearing in bold font.

COMPLAINT FOR REFORMATION AND DECLARATORY RELIEF - 10
#66103265\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

## FOURTH CAUSE OF ACTION: RECOUPMENT OF DEFENSE COSTS

61. QBE hereby incorporates and re-alleges the allegations in Paragraphs 1-60 as if fully set forth herein.

62. The Aircraft Policy does not afford coverage to the J-3 Cub. Accordingly, QBE owes Defendants no duty to defend or indemnify them, as relates to claims stemming from the Subject Accident, including the Grimes Lawsuit.

63. QBE has nonetheless agreed to defend Defendants against the claims asserted in the Grimes Lawsuit, while seeking this Court's confirmation that coverage is not afforded.

64. QBE expressly reserved the right to seek reimbursement of the defense costs it incurs defending the Grimes Lawsuit.

65. QBE seeks a declaration confirming that it is entitled to reimbursement of the sums expended in the defense of the Grimes Lawsuit.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff QBE respectfully requests:

1. A declaration confirming that Northwest Wings is not an "insured" under the Aircraft Policy and, therefore QBE owes it no duty of defense or indemnity for the Grimes Lawsuit;

2. A declaration that QBE owes no duty to defend or indemnify any of the Defendants against claims stemming from the Subject Accident and resulting Grimes Lawsuit;

3. A declaration that QBE may reform the Aircraft Policy to correct a scrivener's error regarding the bolding of the terms of "aircraft" and "occurrence";

COMPLAINT FOR REFORMATION AND DECLARATORY RELIEF - 11
#66103265\1

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

4. A declaration confirming that QBE is entitled to recoup all fees/costs incurred defending the Grimes Lawsuit;

5. For all costs, attorneys' fees, and disbursements;

6. For all other costs and fees as permitted by law; and

7. For such other and further relief that this Court may deem just and proper.

DATED this 4th day of October, 2023.

COZEN O'CONNOR

By   *s/ Kevin A. Michael*
Kevin A. Michael, OSB No. 106695
Sarah Pozzi, OSB No. 175313
999 Third Avenue, Suite 1900
Seattle, Washington  98104
Telephone: 206.340.1000
Fax:  206.621.8783
Email  kmichael@cozen.com
            spozzi@cozen.com
Attorneys for Plaintiff

COMPLAINT FOR REFORMATION AND DECLARATORY RELIEF - 12
#66103265\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000